UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 13-13118

$35,651.11,                     HON. TERRENCE G. BERG
                                       HON. LAURIE J. MICHELSON

    Defendant.
_____/

**NOTICE THAT CLAIMANT'S MOTION FOR PROMPT HEARING
AND RETURN OF PROPERTY (DKT. 19) WILL BE CONSTRUED AS
A MOTION FOR SUMMARY JUDGMENT;
ORDER REQUIRING SUPPLEMENTAL BRIEFING, DENYING THE
GOVERNMENT'S MOTION TO DISMISS COUNTERCLAIM (DKT. 10), AND
<u>SETTING EVIDENTIARY HEARING</u>**

       This is an in rem civil forfeiture action, concerning $35,651.11 in electronic funds, seized by the Internal Revenue Service ("IRS") from PNC Bank account number XXXXXX6937. The IRS seized these funds for alleged violations of 31 U.S.C. § 5324, commonly referred to as "structuring."[1] This PNC Bank account is the business account of Dehko Foods, Inc. d/b/a Schott's Supermarket, which is a grocery store located in Frasier, Michigan. Dehko Foods, Inc. ("Claimant") filed an

---

[1] The Bank Secrecy Act requires the filing of a currency transaction report ("CTR") for transactions, either in to or out of a bank account, of more than $10,000 in currency. *See* 31 U.S.C. § 5313(a). It is illegal for any person "to structure ... any transaction with one or more domestic financial institutions" for the purpose of evading the reporting requirements. 31 U.S.C. § 5324(a)(3). In other words, it is illegal to make deposits of less than $10,000, if the intent in doing so is to avoid the filing of CTRs. Any property involved in or traceable to illegal structuring is subject to criminal and civil forfeiture. *Id*. § 5317(c).

Answer (Dkt. 7, amended by Dkt. 28) to the Complaint and a Claim (Dkt. 11) to the funds.

Presently before the Court are the Government's motion to dismiss Claimant's counterclaim (Dkt. 10) and Claimant's motion for prompt post-seizure hearing and return of property (Dkt. 19).  Subsequent to the Government's filing of its motion to dismiss the counterclaim, Claimant filed an Amended Answer (Dkt. 28), which omitted any counterclaim.  Furthermore, during oral argument on October 23, 2013, Claimant's counsel indicated that Claimant is not pursuing any counterclaim in this action.[2]  Therefore, the Government's motion to dismiss the counterclaim is **DENIED AS MOOT**.

As to Claimant's motion for prompt post-seizure hearing and return of property, the Court hereby notifies the parties that it intends to treat this motion as a motion for summary judgment as a matter of law on the issue of the timeliness of the Government's Complaint only.[3]  The parties are directed to submit supplemental briefs according to the schedule set out below, which shall address the following issues:

---

[2] Instead, Claimant filed a separate civil action (E.D. Mich. 13-14085), which has been reassigned to this Court as a companion case to this forfeiture action.

[3] During the hearing on Claimant's motion, Claimant's counsel indicated that Claimant was "amenable" to the Court's consideration of its timeliness challenge as a summary judgment motion (Dkt. 29; Tr. 45).

2

1. Whether the IRS mail room procedures provide for incoming mail to be stamped or marked in any manner so as to record the date the mail was received in the mail room, whether on the envelope, or in any other manner;

2. Whether Claimant's claim form, or the envelope containing the claim form, received by the IRS in this case, was date-stamped or marked in any manner by the mail room personnel so as to permit the Asset Forfeiture Coordinator to become aware of the date that the claim form was received in the mail room;

3. Whether 18 U.S.C. § 983(a)(3)(A) authorizes the Court to extend the Government's period for filing a Complaint, assuming that the Complaint has already been filed, after the expiration of the 90-day period;[4]

4. Whether, presuming that such a "good cause" extension is statutorily available to the Government in this matter, sufficient cause may be shown to warrant an extension of the filing deadline in this case;

5. Whether the supplemental authority (Dkt. 33) filed by the Government on November 5, 2013 should have been brought to the Court's attention prior

---

[4] The Court directs the parties to brief the proper interpretation of the following provision of that section: "a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties." The supplemental authority (Cox, J.) provided by Claimant (Dkt. 32, Ex. 1) indicates that a "good cause" extension is not available to the Government after the expiration of § 983(a)(3)(A)'s 90-day period. However, the supplemental authority (Steeh, J.) provided by the Government (Dkt. 33, Ex. 4) indicates that a "good cause" extension is available to the Government, even after the expiration of § 983(a)(3)(A)'s 90-day period. Furthermore, the Sixth Circuit opinion provided by the Government (Dkt. 33, Ex. 1) appears to assume that a "good cause" extension is available, stating "the district court should decide whether the government made a sufficient showing of cause to excuse its untimely filing." *Id.* at 5.

to the hearing held on October 23, 2013, and, if so, why such authority was not presented;[5]

6. Whether there is any reason why the seizure warrant (and any supporting affidavit attached thereto) should not be disclosed to the Claimant and filed as an exhibit to the Government's supplemental brief.[6]

The Government's supplemental brief is due by **November 15, 2013**, and Claimant's supplemental brief is due by **November 22, 2013**. Such briefs shall not exceed 15 pages. The Court will hold an evidentiary hearing on **December 4, 2013 at 1:30 p.m. in Flint, Michigan**. The Government is directed produce Asset Forfeiture Coordinator Kathleen Robinson, and any other witness or witnesses, such as a mail room clerk or a supervisor responsible for the IRS mail room, who has personal knowledge of the IRS's mail handling procedures, generally, to testify concerning the specific handling of Claimant's claim in this case.

**SO ORDERED**.

                                                  s/Terrence G. Berg
                                                  TERRENCE G. BERG
Dated: November 7, 2013          UNITED STATES DISTRICT JUDGE

---

[5] In particular, the Court notes that the Order of April 22, 2010 by Judge Steeh in E.D. Mich. Case No. 07-12269, attached as Exhibit 4 to the Government's supplemental authority (Dkt. 33), found that a claimant's claim was filed on the date received in the mail room of the U.S. Secret Service, not on the date that it was received by the forfeiture official, as the Government had argued, and that the complaint in that case was therefore untimely filed. It is unclear to the Court why this opinion is not authority adverse to the government's position in this case, and why it was not earlier brought to the Court's attention as such.

[6] If there is no danger of impeding or adversely affecting any ongoing criminal investigation, and no other legitimate reason requiring delay in disclosing the seizure warrant and supporting affidavit, the Government is directed to disclose them as attachments to its supplemental brief.

<u>Certificate of Service</u>

I hereby certify that this Order was electronically submitted on November 7, 2013, using the CM/ECF system, which will send notification to each party.

<pre>                          s/A. Chubb                    
                          Case Manager</pre>